J-S26025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE MAURICE ADAMS | |
| Appellant | No. 808 MDA 2014 |

Appeal from the Judgment of Sentence of February 22, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0000355-2012
CP-14-CR-0001228-2012

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                **FILED JUNE 17, 2015**

Andre Maurice Adams challenges the judgment of sentence that was entered on February 12, 2013.  Adams contends that the sentence that he received is illegal pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013).[1]  We agree.  Thus, we vacate Adams' judgment of sentence, and we remand for resentencing.

---

[1]    The trial court, in its Pa.R.A.P. 1925(a) opinion, notes that Adams failed to preserve this issue in his direct appeal; however, a challenge to the legality of a sentence premised upon **Alleyne** cannot be waived.  **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (holding that **Alleyne** challenges implicate the legality of the sentence and cannot be waived).

On January 10, 2013, following a jury trial, Adams was found guilty of thirty-eight charges in two separate dockets.[2] At CP-14-CR-1228-2012 ("1228-2012"), Adams was convicted of sixteen counts of possession of a controlled substance with intent to deliver ("PWID"),[3] one count of criminal conspiracy,[4] and one count of criminal use of a communication facility ("CUCF").[5] At CP-14-CR-355-2012 ("355-2012"), Adams was convicted of fourteen counts of PWID, and six counts of CUCF.

On February 12, 2013, the trial court sentenced Adams to an aggregate sentence of seventy-nine to one hundred fifty-eight years' imprisonment on the two dockets. With respect to docket 355-2012, the trial court issued the following sentences: two to four years' imprisonment on the first PWID count and a sentence of guilt with no further penalty on the second PWID count; two to four years' imprisonment for the third PWID count to run consecutively to the first PWID count and a sentence of guilt with no further penalty on the fourth PWID count; nine to eighteen months' imprisonment for the first CUCF count to run consecutively to the third PWID

---

[2]     The factual background of the case *sub judice* is immaterial to Adams' challenge to the illegality of his sentence. Thus, we will not summarize the facts underlying Adams' convictions.

[3]     35 P.S. § 780-113(a)(30).

[4]     18 Pa.C.S. § 903.

[5]     18 Pa.C.S. § 7512.

count; two to four years' imprisonment for the fifth PWID count to run consecutively to the third PWID count and a sentence of guilt with no further penalty on the sixth PWID count; nine to eighteen months' imprisonment for the second CUCF count to run concurrently with the fifth PWID count; two to four years' imprisonment for the seventh PWID count to run consecutively to the fifth PWID count and a sentence of guilt with no further penalty on the eighth PWID count; nine to eighteen months' imprisonment for the third CUCF count to run concurrently with the seventh PWID count; two to four years' imprisonment for the ninth PWID count to run consecutively to the seventh PWID count and a judgment of guilt with no further penalty on the tenth PWID count; nine to eighteen months' imprisonment for the fourth CUCF count to run concurrently with the ninth PWID count; two to four years' imprisonment for the eleventh PWID count to run consecutively to the ninth PWID count and a judgment of guilt with no further penalty on the twelfth PWID count; nine to eighteen months' imprisonment for the fifth CUCF count to run concurrently with the eleventh PWID count; four to eight years' imprisonment for the thirteenth PWID count to run consecutively to the eleventh PWID count and a sentence of guilt with no further judgment on the fourteenth PWID count; and nine to eighteen months' imprisonment for the sixth CUCF count to run concurrently with the thirteenth PWID count. The trial court applied standard range sentences for all of the counts at docket 355-2012. In the aggregate, the sentence for docket 355-2012 was seventeen and one half to thirty-five years' imprisonment.

With respect to docket 1228-2012, the trial court imposed the mandatory minimum sentencing provisions set forth in 18 Pa.C.S. § 7508 (setting forth mandatory minimum sentences associated with the weight of narcotics possessed by a drug dealer), which resulted in the following sentences: three to six years' imprisonment for the first PWID count to run consecutively to the final sentence in docket 355-2012; one to two years' imprisonment for the second PWID count to run consecutively to the first PWID count; three to six years' imprisonment for the third PWID count to run consecutively to the second PWID count; five to ten years' imprisonment for the fourth PWID count to run consecutively to the third PWID count; five to ten years' imprisonment for the fifth PWID count to run consecutively to the fourth PWID count; five to ten years' imprisonment for the sixth PWID count to run consecutively to the fifth PWID count; five to ten years' imprisonment on the seventh PWID count to run consecutively the sixth PWID count; three to six years' imprisonment on the eighth PWID count to run consecutively to the seventh PWID count; five to ten years' imprisonment for the ninth PWID count to run consecutively to the eighth PWID count; five to ten years' imprisonment for the tenth PWID count to run consecutively to the ninth PWID count; five to ten years' imprisonment for the eleventh PWID count to run consecutively to the tenth PWID count; three to six years' imprisonment for the twelfth PWID count to run consecutively to the eleventh PWID count; three to six years' imprisonment for the thirteenth PWID count to run consecutively to the twelfth PWID

count; three to six years' imprisonment for the fourteenth PWID count to run consecutively to the thirteenth PWID count; nine to eighteen months' imprisonment for the fifteenth PWID count to run consecutively to the fourteenth PWID count; seven to fourteen years' imprisonment for the sixteenth PWID count to run consecutively to the fifteenth PWID count; five to ten years' imprisonment for the first conspiracy count to run concurrently with the sixteenth PWID count; and nine to eighteen months for the first CUCF count to run concurrently to the sixteenth PWID count. In the aggregate, the sentence for docket 1228-2012 was sixty-one and one half to one hundred twenty-three years' imprisonment. The trial court also imposed aggregate fines totaling $320,000.00 in accordance with the mandatory minimum sentencing provisions. In total, between both dockets, the trial court sentenced Adams to seventy-nine to one hundred fifty-eight years' imprisonment.

On March 14, 2013, Adams filed a notice of appeal. On March 21, 2013, the trial court directed Adams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Adams timely filed on April 10, 2013. In response to Adams' concise statement, the trial court filed three separate opinions pursuant to Pa.R.A.P. 1925(a) on May 7, May 13, and June 25, 2013. On April 2, 2014, this Court dismissed Adams' appeal for failure to submit a brief. On April 23, 2014, Adams' filed a motion for leave to file an appeal *nunc pro tunc*, which the trial court granted on April 25, 2014.

On May 6, 2014, Adams filed a second notice of appeal. On May 12, 2014, the trial court directed Adams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Adams timely filed on June 2, 2014. In response to Adams' concise statement, the trial court filed three separate opinions pursuant to Pa.R.A.P. 1925(a) on July 3, July 15, and July 16, 2014. Adams included six issues in his concise statement; however, he raises only one issue in this appeal: "Whether the trial court's imposition of the mandatory minimum sentences was unconstitutional in light of *Alleyne v. United States*?" Brief for Adams at 5 (capitalization omitted).

In *Alleyne*, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, *supra* at 2163. In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), we presented the relevant portion of the *Alleyne* Court's rationale as follows:

> *Alleyne* is an extension of the Supreme Court's line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Alleyne*, the Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact[-]finding which raises the minimum sentence and that which raises the maximum sentence.
>
> > It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante*, the contours of the penalty that the legislature

- 6 -

affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.

Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

*Alleyne*, [133 S.Ct.] at 2160-61 (internal quotation marks and citations omitted).

*Miller*, 102 A.3d at 994-95 (citations modified).

In light of the constitutional pronouncement in *Alleyne*, we have systematically been declaring unconstitutional each of Pennsylvania's mandatory minimum sentencing statutes that permit a trial court, rather than a jury, to make the critical factual findings, *see Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712.1, which imposes a mandatory minimum sentence for possessing a firearm in close proximity to narcotics, unconstitutional), and *Commonwealth v. Valentino*, 101 A.3d 801 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712, pertaining to mandatory minimum sentencing provisions associated with the

commission of certain crimes with a firearm, unconstitutional), including the mandatory provisions set forth in 18 Pa.C.S. § 7508. **See Commonwealth v. Cardwell**, 105 A.3d 748, 751 (Pa. Super. 2014) (applying **Alleyne** and recognizing that the mandatory minimum sentences associated with the weight of narcotics possessed by a drug dealer pursuant to 18 Pa.C.S. § 7508 are unconstitutional).

Here, the trial court applied the mandatory minimum sentencing provisions at the sentencing hearing for the counts contained within docket 1228-2012 pursuant to 18 Pa.C.S. § 7508. Accordingly, Adams' sentence was unconstitutional, and illegal, pursuant to **Alleyne**.[6]

Because we hold that the sentences at docket 1228-2012 are illegal, we must remand for resentencing. Before doing so, we first must determine whether we can remand on just that docket, or if we also must remand for resentencing on docket 355-2012.

In its brief,[7] the Commonwealth argues that Adams' sentences should be viewed separately, and that remand on both dockets is not necessary because the trial court imposed the standard range of sentences on counts

---

[6]    The Commonwealth concedes that the sentence was illegal. **See** Brief for Commonwealth at 14.

[7]    On May 7, 2015, the Commonwealth filed an application to submit a post-submission pleading pursuant to Pa.R.A.P 2501(a), which we accept. Accordingly, our review of the Commonwealth's brief and the applicable case law reflects that submission.

contained within docket 355-2012 and mandatory minimum sentences on counts contained within docket 1228-2012. Brief for Commonwealth at 9. However, when a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing. ***Commonwealth v. Goldhammer***, 517 A.2d 1280 (Pa. 1986), ***Commonwealth v. Farone***, 808 A.2d 580 (Pa. Super. 2002), ***see also Commonwealth v. Ferguson***, 107 A.3d 206, 213-14 (Pa. Super. 2015) (vacating an appellant's entire judgment of sentence which contained both counts subjected to mandatory minimum sentencing provisions and counts not subjected to mandatory minimum sentencing provisions).

In reviewing the record in its entirety, it is clear that the trial court's overall general sentencing scheme was based upon mandatory minimum sentencing provisions. Although there exist some inconsistencies regarding individual sentences, the totality of Adams' sentence was based upon the applicability of, and pursuant to, mandatory minimum sentencing provisions. In fact, at the conclusion of the sentencing hearing, the trial court explained the reasoning behind Adams' overall sentence:

> I believe that the overall sentence, although I don't have it added up, is consistent with the gravity of the surrounding circumstances and the level of the drug trade that was going on, and I believe it is appropriate under the circumstances to run each of these delivery counts as a separate sentence, running consecutively to each other and every one.

Notes of Testimony, Sentencing Hearing, 2/12/2013, at 49-50.

The trial court also considered aspects of the mandatory minimum sentencing provisions when imposing sentences subject to the standard range of sentencing. Specifically, the trial court acknowledged the required fines associated with the mandatory minimum sentencing provisions when imposing standard range sentences: "I believe there's enough fines associated with the mandatory minimums that I'm not going to add any fines [to the counts subject to the standard range of sentencing]." *Id.* at 25. Accordingly, remanding any of Adams' sentences would surely alter the trial court's overall sentencing scheme. Thus, since we have already held that the sentences at docket 1228-2012 are illegal, Adams' entire sentence should be vacated and remanded for resentencing. *See Farone*, *supra*.

For the foregoing reasons, we must vacate the entire sentence imposed upon Adams and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015

- 10 -