J-A29031-14

2015 PA Super 1

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DUANE FERGUSON, | : | |
| | : | |
| Appellant | : | No. 67 WDA 2014 |

Appeal from the Judgment of Sentence Entered November 4, 2013,
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000874-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DUANE FERGUSON, | : | |
| | : | |
| Appellant | : | No. 68 WDA 2014 |

Appeal from the Judgment of Sentence Entered November 4, 2013,
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000761-2012

BEFORE:  FORD ELLIOTT, P.J.E., ALLEN, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                **FILED JANUARY 05, 2015**

Michael Duane Ferguson (Appellant) appeals from the judgment of

sentence entered on November 4, 2013,[1] following his convictions for, *inter*

---

[1] Appellant purports to appeal from the order denying his post-sentence motions and reaffirming his sentence. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on November 4, 2013, not the order denying his post-sentence

---

* Retired Senior Judge assigned to the Superior Court.

*alia*, three counts each of robbery, criminal conspiracy to commit robbery, terroristic threats, persons not to possess firearms, and one count of simple assault. Upon review, we affirm Appellant's convictions, vacate his judgment of sentence, and remand for resentencing.

Appellant was charged with several offenses in criminal informations filed at three separate dockets. At docket CP-20-CR-0000761-2012 (761-2012), the Commonwealth charged Appellant with numerous crimes in connection with the armed robberies of three Crawford County bars, which occurred in July 2012. At docket CP-20-CR-0000757-2012 (757-2012), which is not at issue in this appeal, the Commonwealth charged Appellant with multiple offenses relating to Appellant's possession of a sawed-off shotgun subsequently seized by police. At docket CP-20-CR-0000874-2012 (874-2012), the Commonwealth charged Appellant with simple assault and harassment as a result of an altercation between Appellant and Harry Boyer (Boyer), a co-conspirator in the robberies, which occurred on August 28, 2012, at the Crawford County Correctional Facility.

On July 24, 2013, the Commonwealth filed a motion to join all three informations for trial. It appears that the trial court held argument on the motion, wherein the Commonwealth presented "informal" information that, *inter alia*, suggested that at the time of the altercation between Appellant and Boyer, Appellant made statements loud enough for a correctional officer

_____

motions. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).

and Boyer to hear that Appellant had previously warned Boyer that he would kill Boyer if Boyer snitched on Appellant. Trial Court Memorandum and Order, 8/21/2013, at 2, 4. Following argument, the trial court issued a memorandum and order ruling that the offenses listed at dockets 761-2012 and 874-2012 be joined for trial, but that the charges at docket 757-2012 be handled in a separate proceeding.

A jury trial commenced at dockets 761-2012 and 874-2012 on September 9, 2013. Following trial, the jury convicted Appellant on all counts. On November 4, 2013, the trial court sentenced Appellant at both dockets to an aggregate 35 to 73 years' incarceration, with credit for time served. Appellant timely filed post-sentence motions, which the trial court denied on January 3, 2014. Appellant then appealed to this Court.[2]

Appellant presents the following issues for our consideration:

1. Did the [t]rial [c]ourt err in joining for trial the charge of simple assault with the robbery and related offenses?

2. Did the jury fully and adequately deliberate the facts of the cases or the law as it would apply to [A]ppellant's cases?

3. Were the verdicts against the weight of the evidence?

Appellant's Brief at 5.

In his first issue, Appellant argues that joinder was improper because it resulted in prejudice to him, as evidence of each case would not have been

---

[2] Appellant appealed at both docket numbers. By order dated April 25, 2014, this Court issued an order *sua sponte* consolidating the appeals.

admissible in the other, and the robberies and simple assault were not part of the same act or transaction.

"Whether [] separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Robinson*, 864 A.2d 460, 481 (Pa. 2004) (quoting *Commonwealth v. Newman*, 598 A.2d 275, 277 (Pa. 1991)). Furthermore, "Appellant bears the burden of establishing such prejudice." *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1282 (Pa. Super. 2004) (*en banc*).

The Pennsylvania Rules of Criminal Procedure govern the joinder and severance of offenses as follows:

**Joinder--Trial of Separate Indictments or Informations**

**(A) Standards**

(1) Offenses charged in separate indictments or informations may be tried together if:

  (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

  (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

### Severance of Offenses or Defendants

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim.P. 583. Under Rule 583, the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. *Commonwealth v. Lauro*, 819 A.2d 100, 107 (Pa. Super. 2003).

[T]he "prejudice" of which Rule [583] speaks is not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of *all* Commonwealth evidence. The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Id.* (emphasis in original) (quoting *Commonwealth v. Collins*, 703 A.2d 418, 423 (Pa. 1997)). Moreover, "the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." *Id.* (quoting *Collins*, 703 A.2d at 423).

Reading these rules together, our Supreme Court established the following test for severance matters:

Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such

- 5 -

evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Collins*, 703 A.2d at 422 (quoting *Commonwealth v. Lark*, 543 A.2d 491, 496–97 (Pa. 1988)).

Pursuant to this test, we must first determine whether the trial court abused its discretion in holding that evidence of each of the offenses would be admissible in a separate trial for the other. In making this determination, we are mindful that "[e]vidence of crimes other than the one in question is not admissible solely to show the defendant's bad character or propensity to commit crime." *Id.*; *see* Pa.R.E. 404(b)(1) (providing that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2); *see Melendez–Rodriguez*, 856 A.2d at 1283 (explaining that evidence of other crimes is admissible to show, *inter alia*, motive, intent, absence of mistake or accident, common scheme or plan, and identity). "In order for evidence of prior bad acts to be admissible as evidence of motive, the prior bad acts 'must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances.'" *Melendez–Rodriguez*, 856 A.2d at

- 6 -

1283 (quoting **Commonwealth v. Reid**, 811 A.2d 530, 550 (Pa. 2002)). "Additionally, evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts." **Lauro**, 819 A.2d at 107 (quoting **Collins**, 703 A.2d at 423).

Upon review, we agree with the trial court that evidence of each of the offenses would be admissible in a separate trial for the other. As stated previously, Appellant and Boyer were co-conspirators in a string of robberies occurring in July 2012. In August 2012, Appellant assaulted Boyer at the Crawford County Correctional Facility. Testimony at trial indicated that Appellant made statements to Boyer during the course of the assault that connected the assault with the prior robberies. Specifically, Boyer testified that Appellant stated, "I told you I was going to effing kill you," and that the altercation was over Boyer giving a statement to police. N.T., 9/11/2013, at 4-5. Two corrections officers, Sally Jean Bullis and Joshua James Lintz, also testified that during the course of the altercation, Appellant stated, "Why did you say that[?] Why did you do that[?]" and "I told you I would get you." **Id.** at 31, 37. Thus, evidence relating to the robbery charges would be admissible to establish Appellant's motive for assaulting Boyer. Conversely, evidence of the assault would be admissible in a trial for the robbery charges to establish the existence of a conspiracy between Appellant and Boyer. Further, all of the evidence formed part of the "natural development" of the

facts and history of this case. *See Lauro*, 819 A.2d at 107 (quoting *Collins*, 703 A.2d at 423).

Moreover, Appellant fails to establish that the jury was incapable of separating the crimes to avoid confusion. Our Supreme Court has held that "[w]here a trial concerns distinct criminal offenses that are distinguishable in time, space and the characters involved, a jury is capable of separating the evidence." *Collins*, 703 A.2d at 423. Here, the set of robberies and the assault occurred weeks apart in different locations and involved different victims. Thus, there was no risk of confusing the jury. *See id.*

Finally, we conclude that Appellant was not unduly prejudiced by the trial court's decision to allow the jury to hear evidence of the separate, yet interrelated, crimes. Here, Appellant committed a series of robberies with Boyer as a co-conspirator and later assaulted Boyer at the Crawford County Corrections Facility. As was said in *Lark*, "[This was a] series of crimes committed by the [appellant] which were all related. He created the sequence of events and cannot fairly now demand that the ... matters be severed and tried in separate trials." *Lark*, 543 A.2d at 500. Consequently, the trial court did not abuse its discretion in consolidating the informations in this case.

In his second issue, Appellant argues that he is entitled to a new trial on the ground that the jury deliberations were inadequate, as it only took the jury approximately one hour and six minutes to render a verdict on 43

separate counts. Appellant failed to cite any legal authority to the trial court to support such a claim, and he cites only one case to this Court, which is inapposite.[3] Moreover, although the jury was to determine Appellant's guilt or innocence on 43 separate counts, many of those counts were related as they pertained to each of the three separate robberies. Thus, we agree with the trial court that Appellant "was not denied a fair trial simply because the jury did not need to debate at length over the guilt or innocence of [Appellant] with regard to the various charges." Trial Court Opinion, 1/3/2014, at 4.

In his third issue, Appellant challenges the weight of the evidence to support his convictions relating to the robberies. In this regard, Appellant challenges the credibility of Boyer's testimony, as well as the eyewitnesses' identifications of Appellant as the individual who had committed the robberies. Appellant also contends that certain DNA evidence recovered by

---

[3] In his appellate brief, Appellant cites **Johnson v. Frazier**, 787 A.2d 433 (Pa. Super. 2001). In that case, a jury in a civil action for damages initially reached a verdict in one hour, but a poll of the jury revealed that only six jurors, one short of the required seven, supported the verdict. **Id.** at 434. After deliberating for an additional seven minutes, the jury returned with the same verdict, this time supported by seven jurors. **Id.** On appeal, this Court saw "no basis for upsetting the verdict because of the length of deliberations," explaining that this was not a situation in which the jury deliberated for a total of seven minutes. **Id.** at 436. This Court explained that "[g]iven the hour of prior deliberation and the manifest expression that further deliberation would help, we cannot say seven more minutes is so insufficient as to warrant a new trial." **Id.** Likewise, we cannot say here that the jury's deliberations were so insufficient as to warrant a new trial simply based on their length.

police did not match Appellant's DNA. Moreover, Appellant argues that none of the items seized from Appellant's residence was identified as being worn in the robbery, and that certain other items linked to the robberies were never found. Finally, Appellant argues that the duffel bag recovered by police contained a hair not belonging to Appellant and that no evidence proved that a shotgun recovered by police was the one fired during the robbery of one of the bars.

Our standard of review is well-settled:

The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

***Commonwealth v. Street***, 69 A.3d 628, 633 (Pa. Super. 2013) (quoting

***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007)).

Regarding Appellant's challenges to Boyer's testimony and the eyewitness identifications, we note that the jury is "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. McCloskey***, 835 A.2d 801, 809 (Pa. Super. 2003). Moreover, the trial court considered the above arguments and determined that none led it to conclude that the verdicts were so contrary to the evidence as to shock one's sense of justice. Trial Court Opinion, 1/3/2014, at 5. Upon review, we discern no abuse of discretion in the trial court's determination.

As a final matter, although Appellant has not raised any issues regarding the legality of his sentence with this Court, it is apparent that Appellant's sentence implicates the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).[4] Specifically, the trial court imposed a sentence of 6 to 12 years' incarceration for each of Appellant's robbery convictions and a sentence of 5 to 10 years' incarceration for each of Appellant's criminal conspiracy to commit robbery

---

[4] ***See Commonwealth v. Hurst***, 532 A.2d 865, 869 n.2 (Pa. Super. 1987) (providing that "illegality of sentence is not waivable and may be raised by this Court *sua sponte*").

convictions.[5]   These sentences were the result of the mandatory minimum sentences found in 42 Pa.C.S. § 9712.   That section provides, in relevant part, as follows:

> **(a) Mandatory sentence.--**Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.
>
> **(b) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.
>
> **(c) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

---

[5] The sentences for the robbery convictions were to run consecutive with each other, and the sentences for the criminal conspiracy convictions were to run concurrent with the three robbery convictions.

42 Pa.C.S. § 9712(a)-(c).

In **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013) (*en banc*), this Court noted the effect of **Alleyne** on mandatory minimum sentencing statutes in Pennsylvania:

> According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

**Watley**, 81 A.3d at 117 (footnote omitted).[6]

Notably, notwithstanding its observations regarding the constitutionality of Pennsylvania's mandatory minimum sentencing statutes outlined above, the **Watley** Court upheld the mandatory minimum sentence in that case, which the trial court imposed pursuant to 42 Pa.C.S. § 9712.1. **Watley**, 81 A.3d at 121. The Court did so on the ground that "the factual predicates for determining the mandatory minimum were proven to a jury beyond a reasonable doubt." **Id.**

Here, the trial court similarly explained that "any impact that **Alleyne** may have had on this case was addressed appropriately," as the fact that Appellant visibly possessed a firearm that placed the victim in reasonable fear or death or serious bodily injury was submitted to and determined by

---

[6] Among those mandatory minimum sentencing statutes listed in **Watley** is 42 Pa.C.S. § 9712(c). **See id.** at 117 n.4.

- 13 -

the jury for the criminal conspiracy to commit robbery and robbery convictions. Trial Court Opinion, 1/3/2014, at 6; *see* Verdict Slip, 9/12/2013, at 1. Based on this Court's recent decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), and **Commonwealth v. Valentine**, __ A.3d __, 2014 WL 4942256 (Pa. Super. filed October 3, 2014), we disagree.

In **Valentine**, this Court aptly discussed the **Newman** decision as follows:

> In **Newman***,* we reviewed the constitutionality of 42 Pa.C.S.A. § 9712.1, which enhances the minimum sentence where a firearm is found on a drug dealer, an accomplice, or in the vicinity of the contraband. …
>
> [***]
>
> We explained in **Newman** that under **Alleyne***,* the factual predicates for imposition of the § 9712.1 mandatory minimum sentence (i.e., that the firearm was found on a drug dealer, an accomplice or in the vicinity of the contraband) "must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence." Concluding that the factual predicates for imposition of the mandatory minimum sentence had not been presented to a jury, we vacated the judgment of sentence.
>
> Notably in **Newman***,* we declined the Commonwealth's proposed remedy that we remand for a sentencing jury to determine beyond a reasonable doubt whether the Commonwealth had proven the factual predicates for § 9712.1. We explained:
>
>> [T]he Commonwealth's assertion assumes that Subsection (a) of Section 9712.1, which sets the predicate for the mandatory minimum sentence, survives constitutional muster, and that only Subsection (c), which directs that the trial court shall determine the predicate of Subsection

- 14 -

(a) by a preponderance of the evidence, fails. In other words, the Commonwealth is contending that we may sever and retain those parts of Section 9712.1 that are not constitutionally infirm.... We respectfully disagree.

[***]

We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following **Alleyne**, Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

The Commonwealth's suggestion that we remand for a sentencing jury would require this court to manufacture whole cloth a replacement enforcement mechanism for Section 9712.1; in other words, the Commonwealth is asking us to legislate. We recognize that in the prosecution of capital cases in Pennsylvania, there is a similar, bifurcated process where the jury first determines guilt in the trial proceeding (the guilt phase) and then weighs aggravating and mitigating factors in the sentencing proceeding (the penalty phase). However, this mechanism was created by the General Assembly and is enshrined in our statutes at 42 Pa.C.S.A. § 9711. We find that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**. We cannot do so.

**Valentine**, 2014 WL 4942256, at *6-*8 (citations omitted) (quoting **Newman**, 99 A.3d at 98, 101-02). Thus, in **Newman**, this Court vacated and remanded for resentencing without consideration of the mandatory minimum sentences provided in section 9712.1. **Newman**, 99 A.3d at 103.

- 15 -

In **Valentine**, this Court addressed whether the trial court's imposition of mandatory minimum sentences pursuant to 42 Pa.C.S. §§ 9712 and 9713 was unlawful. Importantly,

> the trial court permitted the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713(a). The jury responded "yes" to both questions.

**Valentine**, 2014 WL 4942256, at *8. Nevertheless, we observed in **Valentine** that

> [i]n presenting those questions to the jury, however, we conclude, in accordance with **Newman**, that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with **Alleyne**.
>
> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under **Alleyne**, and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in **Newman** however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that the statutes are therefore unconstitutional as a whole.
>
> Moreover, **Newman** makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**."

Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713.

*Id.* (citations omitted) (quoting **Newman**, 99 A.3d at 101-02).

Based on the foregoing, we likewise vacate Appellant's sentence and remand for resentencing without consideration of the mandatory minimum sentences provided in section 9712.

Convictions affirmed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/05/2015