J-S34008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER REED, | |
| Appellant | No. 2109 MDA 2014 |

Appeal from the Judgment of Sentence July 16, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000208-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER REED, | |
| Appellant | No. 2110 MDA 2014 |

Appeal from the Judgment of Sentence July 16, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000209-2014

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 16, 2015**

Christopher Reed appeals from the aggregate judgment of sentence of eighteen to thirty-six months imprisonment that the trial court imposed after a jury found him guilty of aggravated assault, simple assault, and disarming

a law enforcement officer. After careful review, we vacate the judgment of sentence and remand for separate trials.

Following his arrest, Appellant was charged at two separate dockets for two incidents occurring on the same day. The trial court recounted the following relevant facts.

Appellant's simple assault charge arose from an incident on January 20, 2014[,] when police were dispatched to Ms. [Jacquelyn] Reed's home after a report of domestic abuse. On the morning of that date[,] Appellant and Ms. Reed's son[,] Clayton Reed ("Clayton")[,] went to an animal shelter to look at dogs to adopt while Ms. Reed was at work. Throughout the day[,] Appellant had called and texted Ms. Reed about buying a new vehicle. However, Ms. Reed told Appellant that they could not afford to purchase a new vehicle. After work[,] Ms. Reed went home. Appellant and Clayton were not yet there[,] so Ms. Reed called Appellant. Appellant explained that he and Clayton were looking at new vehicles and wanted Ms. Reed to go down to the dealership. Ms. Reed refused and told Appellant to come home. On a subsequent phone call, Appellant called Ms. Reed and told her that he was on his way home while cursing and yelling at her. Ms. Reed hung up the phone on him.

Ms. Reed saw Appellant and Clayton approach the door in the backyard. Ms. Reed unlocked the door and Appellant and Clayton walked into the house. Appellant started yelling at Ms. Reed[,] and he then wrapped his hands around her neck and choked her to a point where she was unable to breathe. Ms. Reed testified that she thought Appellant was going to kill her. Ms. Reed pushed Appellant to get away and[,] as he was choking her[,] he threw her body into the countertop causing pain to her right side. Ms. Reed got away from Appellant and grabbed her cell phone to call 911. Appellant took the cell phone out of Ms. Reed's hands, threw it on the ground, and stomped on it with his foot. Appellant then took the cell phone and threw it against the wall. Ms. Reed grabbed the cell phone and left out the back door

with Clayton. Appellant followed Ms. Reed asking where she was going. Appellant took her cell phone and went back into the house.[1]

Appellant's aggravated assault and disarming a law enforcement officer charges arose from an incident that took place after Appellant was arrested and taken to the Chambersburg Police Department on January 20, 2014[,] following the events at the house. At trial[,] the Commonwealth provided evidence of the charges through admission of Exhibit 10. Exhibit 10 is a video recording at the Chambersburg Police Department. The visual is a holding cell where Appellant was detained after being arrested. Patrolman [Jason] McGhee testified that he believed Appellant was attempting to use his belt to hurt himself by possibly using it to hang himself. As a result[,] Patrolman McGhee called another policeman down to aid him. Patrolman McGhee opened the holding cell and ordered Appellant to hand him the belt. Appellant did not comply[,] and Patrolman McGhee then ordered Appellant to sit on the bed. Appellant did not comply after ordered again to do so. Patrolman McGhee then used force to get Appellant to sit on the bed. After sitting down briefly[,] Appellant lunged at Patrolman McGhee[,] and the two struggled for approximately 15 seconds[,] during which time Appellant's left hand appears to have come into contact with the area where Patrolman McGhee's gun was holstered. After the struggle[,] Patrolman McGhee stunned Appellant with a stun gun. Appellant then sat down on the bed. After some conversing between the two policemen and Appellant, the policemen closed the cell door. At that point[,] according to the video[,] the following dialogue appeared to have taken place:

> Appellant: I was going to take your gun.
> Patrolman McGhee: If you tried to take my gun you'd be dead.
> Appellant: No I wouldn't.
> Appellant: [Incoherent] . . . by the time he pulls his gun out I'd shoot you man, you're dead.[2]

---

[1] This incident gave rise to one count of aggravated assault, two counts of simple assault, and one count of intimidation of a witness.

Trial Court Opinion, 2/4/14, at 2-4 (footnotes omitted).

After oral argument and over Appellant's objection, the trial court granted the Commonwealth's motion to consolidate the two matters, and the case proceeded to a jury trial on June 19, 2014. A jury found Appellant guilty of one count of simple assault relating to the incident with Ms. Reed as well as one count each of aggravated assault and disarming a law enforcement officer relating to the incident with Officer McGhee. Appellant was acquitted of all other charges and subsequently sentenced to an aggregate term of eighteen to thirty-six months incarceration.

Appellant filed a timely post-sentence motion, in which he requested judgment of acquittal based on the insufficiency of the evidence and sought modification of his sentence. The trial court denied that motion, and this appeal ensued. The court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court filed its responsive Pa.R.A.P. 1925(a) opinion shortly thereafter. This matter is now ripe for this Court's review.

Appellant levels two questions for our consideration:

1. Did the trial court abuse its discretion when it consolidated both of Appellant's cases into one single trial, despite the fact that the cases and crimes charged were distinct from one another, arose

_(Footnote Continued)_  ────────

[2] The incident with Officer McGhee gave rise to one charge each of aggravated assault and disarming a law enforcement officer.

- 4 -

out of different circumstances, and evidence of each case would not be admissible at a separate trial for the other?

2. Did the trial court abuse its discretion when it sentenced Appellant to an aggregate sentence of 18 to 36 months in a State Correctional Institution, which is at the top of the standard range of sentences, is a departure above what was recommended by the probation department as a result of the pre-sentence investigation, and fails to consider the mitigating factors present in this case?

Appellant's brief at 14.[3]

Initially, Appellant challenges the trial court's consolidation of the two cases. We review the trial court's decision in this regard under an abuse of discretion standard. Indeed, this Court has consistently held that whether "separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Ferguson*, 107 A.3d 206, 210 (Pa.Super. 2015) (citations omitted). Importantly, "Appellant bears the burden of establishing such prejudice." *Id*. (quoting *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1282 (Pa.Super. 2004) (*en banc*)).

The Pennsylvania Rules of Criminal Procedure govern the joinder and severance of offenses as follows:

---

[3] The Commonwealth relies solely on the trial court opinion and did not file a brief in this matter.

- 5 -

**Rule 582. Joinder—Trial of Separate Indictments or Informations**

**(A) Standards**

    (1)    Offenses charged in separate indictments or informations may be tried together if:

        (a)    the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

        (b)    the offenses charged are based on the same act or transaction.

\* \* \*

**Rule 583. Severance of Offenses or Defendants**

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Interpreting these rules, our Supreme Court established the following test for deciding whether a court should join or sever charges:

[1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these questions are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Collins*, 703 A.2d 418, 422 (Pa. 1997) (quoting

*Commonwealth v. Lark*, 543 A.2d 491, 496-97 (Pa. 1988)).

- 6 -

Applying this test, we first must determine whether the trial court abused its discretion in holding that evidence of one of the offenses would be admissible in a separate trial for the other. *Id*.

While evidence of bad acts is inadmissible at trial to prove that a defendant acted in conformity therewith, *Commonwealth v. Brown*, 52 A.3d 320 (Pa.Super. 2012), such evidence may be admissible for a host of other reasons, such as to prove motive, intent, or opportunity. *Id*. (citing Pa.R.E. 404(b)(2)). In addition, "[o]ur Supreme Court has consistently recognized that admission of distinct crimes may be proper where it is part of the history or natural development of the case, *i.e.*, the *res gestae* exception." *Id*. at 326. Under this exception, evidence of other criminal acts is admissible against a defendant on trial "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." *Commonwealth v. Cascardo*, 981 A.2d 245, 250 (Pa.Super. 2009) (*en banc*) (citations omitted). *See also Commonwealth v. Dillon*, 925 A.2d 131, 139 (Pa. 2007) (holding that *res gestae* evidence is admissible "so that the case presented to the jury [does] not appear in a vacuum").

Herein, Appellant argues primarily that the two incidents are of insufficient similarity to justify consolidation, noting the dearth of factual similarities between the two. He further argues that, since the two offenses

were not so interwoven as to require their consolidation, the application of the *res gestae* exception was improper.

The trial court noted that evidence of the assault against Appellant's wife explained Appellant's incarceration and the "cause of his agitation on that day." Trial Court Opinion, 2/4/14, at 7. Thus, it reasoned that evidence of each offense would have been admissible in a separate trial for the other under the *res gestae* exception. Furthermore, the trial court believed there was little risk of jury confusion, which weighed in favor of consolidation. For the reasons set forth below, we vacate the judgment of the trial court and remand the matters to the trial court for separate proceedings.

Initially, we note that "there is no specific timeframe that dictates the applicability of the exception." **Commonwealth v. Green**, 76 A.3d 575, 584 (Pa.Super. 2013). That the two incidents took place just hours from one another is of little consequence; instead, this Court is to look to whether the facts and circumstances surrounding one altercation afforded a direct evidentiary link to the other. **Id**. (citing **Commonwealth v. Lark**, 543 A.2d 491 (Pa. 1988)). Here, we find no such link.

In **Lark**, **supra**, our High Court affirmed consolidation of matters on the basis that evidence of one matter would be admissible at separate trials for others because each offense was "interwoven in a tangled web" of

criminal activity. That is, facts relating to one offense were so essential to an overall criminal scheme that a jury required evidence of all of the defendant's criminal activites in order to fully and properly understand the complex sequence of events that ultimately led to criminal charges.

We find very little complexity in the instant matters. The two informations addressed incidents that were both factually and contextually unrelated to one another. Appellant's first incident involved an altercation with his wife while at his home that began primarily as a fight over whether to purchase a new vehicle. The second incident involved a police officer and Appellant's attempt to take that officer's gun while detained at the Chambersburg Police Department. The incidents were in markedly different locations, perpetrated against distinctly different victims, and arose from unrelated disputes. While the trial court reasons that Appellant's "agitation" binds the two in such a way as to render them sufficiently "interwoven," we cannot agree. There is no story here that requires completion by introducing evidence of criminal propensity; therefore, the *res gestae* exception cannot apply.

At no point during his detention did Appellant discuss with Officer McGhee the earlier domestic incident, nor did Appellant make any statement while at the Chambersburg Police Department that would have aided in his prosecution. Plainly, evidence of Appellant's altercation with Officer McGhee could not be properly admitted at a separate trial for his altercation with Ms.

Reed as it did not fall within any exception to Pa.R.E. 404 and carries with it a tremendous prejudicial effect.

Similarly, evidence of Appellant's altercation with his wife would not be admissible at a separate trial for the altercation with Officer McGhee. While the cause for his incarceration may provide context, the prejudice resulting from offering evidence of alleged domestic violence outweighs any benefit of providing non-essential background to the second incident.

As neither the trial court nor the Commonwealth presents a convincing argument that evidence of either incident would be admissible at a separate trial for the other, we find that a consolidated trial of the two informations was improper under Rule 582. We vacate the judgment of sentence and remand for separate trials.[4]

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015

---

[4] Since we vacate judgment of sentence and remand, Appellant's sentencing claims are moot.