J-S71040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| MICHAEL DUANE FERGUSON | | |
| Appellant | | No. 853 WDA 2015 |

Appeal from the Judgment of Sentence February 24, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000761-2012
CR 874-2012

--------------------------------------------------------------------------------

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | | |
| v. | | |
| MICHAEL DUANE FERGUSON | | |
| Appellant | | No. 854 WDA 2015 |

Appeal from the Judgment of Sentence February 24, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000874-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 08, 2016**

Michael Duane Ferguson appeals from the judgment of sentence imposed on him on February 24, 2015, following his conviction by jury on charges of simple assault[1] and 42 counts of a variety of charges related to three shotgun robberies of saloons.[2]  Charges related to the armed robberies included conspiracy, robbery, theft and possession of a firearm.[3]  Ferguson received an aggregate sentence of 34 to 71 years' incarceration.  In this timely appeal, Ferguson claims the trial court erred in denying his post-sentence motion for a new trial based upon a claim of newly discovered evidence.  After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

The procedural history of this matter is uncommon.  After his conviction, Ferguson filed a direct appeal claiming the simple assault charges should not have been tried with the robbery charges; the jury failed to properly deliberate, finding him guilty on all 43 counts in slightly more than one hour; and the verdicts were against the weight of the evidence.  A panel of our Court denied Ferguson relief on the issues raised, but vacated the

---

[1] 18 Pa.C.S. § 2701(a)(1).

[2] This was a consolidated trial. The simple assault charges arose from an incident in jail when Ferguson assaulted his co-conspirator, who had agreed to testify against Ferguson.

[3] 18 Pa.C.S. §§ 903, 3701(a)(1)(ii), 3921(a), and 6105(a)(1), respectively. Because the specific charges are not at issue, we will not relate the entire list.

sentence and remanded for resentencing based upon *sua sponte* recognition that Ferguson's sentence was illegal based upon the imposition of a mandatory minimum sentence in violation of **Alleyne v. United States**, 133 S.Ct. 2151 (2013). **See Commonwealth v. Ferguson**, 107 A.3d 206 (Pa. Super. 2015). Ferguson was resentenced on February 24, 2015, as noted above. Following imposition of the new sentence, Ferguson filed a post-sentence motion claiming his sentence was excessive, counsel rendered ineffective assistance, and that he was entitled to a new trial based upon after discovered evidence. The trial court declined to address Ferguson's claims of ineffective assistance of counsel, leaving such claims for a Post Conviction Relief Act petition and review. The trial court denied Ferguson relief on his other claims.[4] Ferguson filed this timely appeal claiming the trial court erred in dismissing his claim for a new trial based upon newly discovered evidence.[5]

Our standard of review for this matter is as follows: "Unless the trial court has clearly abused its discretion in denying a new trial on the basis of after-discovered evidence, its order will not be disturbed on appeal."

_____

[4] There was apparently oral argument held on the issue of newly discovered evidence. However, the date of that argument is not of record nor are there any transcripts from that argument. Prior to oral argument, Ferguson also sought funds to hire an expert to enhance the video. That request was denied.

[5] Ferguson filed a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal, even though he was not ordered to do so.

***Commonwealth v. Cull***, 685 A.2d 1191, 1198 (Pa. Super. 1997) (citation omitted).

In order to prevail on a motion for new trial based upon newly discovered evidence, the claimant must meet a four-prong test.

> The four-prong test for awarding a new trial because of after-discovered evidence is well settled. The evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict. ***See Commonwealth v. Pagan***, 597 A.2d 69, 950 A.2d 270, 292 (2008).

***Commonwealth v. Castro***, 93 A.3d 818, 821, n.7 (Pa. 2014).

Here, Ferguson argues the newly discovered evidence was a video recording of one of the armed robberies in which the perpetrator is an African-American male, with no visible tattoos on his arm. Ferguson argues he has a full sleeve of tattoos, and therefore, he cannot be the person in the video. Ferguson claims he did not see the video and realize that he was not the depicted person until after he obtained new counsel for resentencing.

The trial court noted a fatal flaw in Ferguson's argument. In its memorandum and order denying Ferguson's post-sentence motion, the trial court stated:

> At the time of oral argument in this matter [Ferguson's] counsel indicated that claim [of newly discovered evidence] is based on the fact that a video recording of the alleged perpetrator in one of the robberies shows an African American man without tattoos and [Ferguson] has several tattoos on his arm, which he alleges would have been there at the time the video was taken. His counsel concedes that [Ferguson] and his trial counsel received the video in question as part of discovery prior to trial and in

fact, while not specifically conceded by [Ferguson], it was shown to the jury as part of the evidence at the time of trial.

Essentially, [Ferguson] argues that the evidence is after-discovered evidence because he did not notice that there were no tattoos on the gentleman in the video until after the trial had been completed.

\*\*\*

Here, obviously the video is not after-discovered evidence. It was in the hands of [Ferguson] and his counsel prior to trial and was shown at trial. Therefore, he does not even meet the first factor and therefore it is not necessary to discuss the remaining three.

Trial Court Opinion, 4/29/15, at 2.

We can find no abuse of discretion in the trial court's determination that the video recording did not meet the first prong of the four-prong test and, therefore, Ferguson was not entitled to relief.

Finally, we address the Commonwealth's position that this issue was not properly raised in a direct appeal, and should be reserved for PCRA consideration. Pa.R.Crim.P. 720(C) clearly requires a defendant raise a claim of after-discovered evidence in writing promptly after discovery. The comments to Rule 720 specifically note:

Unlike ineffective counsel claims, which are the subject of **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002), paragraph (C) requires that any claim of after-discovered evidence must be raised promptly after discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage…

Pa.R.Crim.P. 702, Comment, Miscellaneous.

Because Ferguson claimed he did not view the video recording until this matter had been remanded, Ferguson's after-discovered evidence claim was, therefore, properly raised.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2016