J. S38007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PHILOME CESAR, | : | No. 1853 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 12, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos. CP-39-CR-0005299-2010,
CP-39-CR-0005301-2010, CP-39-CR-0005302-2010

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 08, 2016**

Philome Cesar appeals from the judgment of sentence of June 12, 2015.  We dismiss the appeal.

Following a jury trial, appellant was convicted of 19 counts of robbery and 1 count of providing false identification to law enforcement.  The trial court imposed mandatory minimum sentences of 5-10 years for each of appellant's 19 robbery convictions, to run consecutively for an aggregate of 95 to 190 years' incarceration.[1]  Appellant's sentence was upheld by this court on April 25, 2013.  ***Commonwealth v. Cesar***, 75 A.3d 564 (Pa.Super. 2013) (unpublished memorandum), ***appeal denied***, 77 A.3d 635 (Pa.

---

[1] ***See*** 42 Pa.C.S.A. § 9712(a) (offenses committed with firearms).

2013). Appellant litigated a timely PCRA[2] petition, which was granted in part and denied in part. The PCRA court granted appellant a new sentencing hearing pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *See also Commonwealth v. Ferguson*, 107 A.3d 206 (Pa.Super. 2015) (Section 9712(a) is unconstitutional in light of *Alleyne*). The PCRA court denied relief on appellant's other issue relating to his decision to waive counsel and proceed *pro se* at trial.[3]

A new sentencing hearing was held on June 12, 2015, at which the identical sentence of 95 to 190 years was imposed. It was noted that the standard range of the sentencing guidelines was 54 to 66 months, plus or minus 12, so the mandatory minimum of 5 years was in the middle of the standard range. (Notes of testimony, 6/12/15 at 5-6.) The trial court determined that each of appellant's 19 victims deserved a separate sentence, so it re-imposed the sentence of 5-10 years for each count of robbery, to run consecutively for an aggregate sentence of 95 to 190 years' imprisonment. (*Id.* at 19.) That same date, appellant filed the instant appeal.

Instead of challenging the sentence imposed on June 12, 2015, appellant raises the identical issue appealed at No. 1718 EDA 2015, relating

---

[2] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[3] Appellant appealed the May 12, 2015 order at No. 1718 EDA 2015, currently before this same panel.

to his waiver of counsel colloquy. In fact, appellant and the Commonwealth have filed identical briefs at both docket numbers. We note that there was a hearing on October 6, 2015, at which the parties recognized that there were now two appeals tracking through the system:

> Your Honor, in this matter, as you're well aware, we had a PCRA hearing at the conclusion of which the Court entered an Order denying the PCRA requested relief but, secondarily, issuing an Order that he would be resentenced on I believe it was -- I'm sorry -- on a subsequent day. After [appellant] apparently saw your Order denying relief in one respect but granting it in the second respect, he apparently filed a **pro se** notice of appeal, which the Common Pleas Clerk accepted, filed, docketed and started processing as an appeal. And that went up to the Superior Court on Docket Number 1718 EDA of 2015. After the sentencing, I filed a notice of appeal to have the Superior Court review your decision in both regards, the denial and the subsequent resentencing. And my notice of appeal got docketed in the Superior Court at 1853 EDA of 2015.

Notes of testimony, 10/6/15 at 3-4.

As the two appeals raise the same issue which we address at No. 1718 EDA 2015, we will dismiss the instant, duplicative appeal filed at No. 1853 EDA 2015.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/8/2016</u>