J-S42019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEDRO SILVA | |
| Appellant | No. 2649 EDA 2014 |

Appeal from the PCRA Order September 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006668-2007

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                  **FILED NOVEMBER 20, 2015**

Appellant, Pedro Silva, appeals from the September 2, 2014 order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court outlined the relevant procedural history of this case as follows.

> On November 2, 2007, [Appellant] was convicted after a jury trial of possession with intent to distribute a controlled substance (PWID) and unauthorized use of a motor vehicle.[1]  On December 11, 2007, the [trial court] sentenced [Appellant] to a term of incarceration of two to five years with a

---

[*] Former Justice specially assigned to the Superior Court.

consecutive term of probation of five years for PWID. No further penalty was imposed on the remaining charge.

…

Post-sentence motions were denied, and [Appellant] filed a timely notice of appeal. The Superior Court affirmed the judgment of sentence in a memorandum decision on March 4, 2009. [**Commonwealth v. Silva**, 927 A.2d 562 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 982 A.2d 1228 (Pa. 2008)]. [Appellant] filed a timely petition for allowance of appeal with the Supreme Court of Pennsylvania. Allocatur was denied on October 27, 2009 …. On July 1, 2010, [Appellant] filed a *pro se* PCRA petition. Counsel was appointed on July 20, 2012, and filed an amended petition on January 27, 2014. The Commonwealth filed [its] motion to dismiss on April 24, 2014.

… [Appellant] was given notice on July 11, 2014, of [the PCRA] court's intention to dismiss the petition pursuant to P[ennsylvania] R[ule of] Crim[inal] P[rocedure] 907.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 3928, respectively.

PCRA Court Opinion, 10/24/14, at 1-2. On August 29, 2014, the PCRA court convened for a PCRA hearing. Counsel for the Commonwealth indicated that PCRA counsel was aware Rule 907 notice had been sent, but that PCRA counsel had been unable to locate Appellant. N.T., 8/29/14, at 3. Accordingly, the PCRA court noted that "[t]he defendant is unlocatable by defense counsel and his last address is not good. PCRA dismissed." *Id.* at 4. On September 2, 2014, the PCRA court entered an order denying

Appellant's PCRA petition. On September 18, 2014, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issues for our consideration.

> [I.] Whether the [PCRA court] was in error in denying [] Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]
>
> [II.] Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging counsel was ineffective[?]

Appellant's Brief at 8

When reviewing PCRA matters, we are mindful of the following principles.

> We consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

---

[1] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), but the PCRA court filed a Rule 1925(a) opinion on October 24, 2014.

*Commonwealth v. Pander*, 100 A.3d 626, 630 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 109 A.3d 679 (Pa. 2015). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). One such error, which provides a potential avenue for relief, is ineffective assistance of counsel. *Id.* § 9543(a)(2)(ii). The issues raised must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

Additionally, with regard to evidentiary hearings at the post-conviction stage of proceedings, we observe the following.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (internal quotation marks and citation omitted).

"The controlling factor … is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-727 (Pa. 2014). This Court reviews the decision to dismiss a PCRA petition without conducting an evidentiary hearing for an abuse of discretion. ***Miller***, ***supra***. Thus, we must first examine Appellant's claim of ineffectiveness, for if we determine that Appellant's claim is without arguable merit or Appellant has not established prejudice as a result of counsel's action or inaction, the PCRA court was not required to hold an evidentiary hearing. ***See Baumhammers***, ***supra***.

"In order to obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984)." ***Commonwealth v. Reid***, 99 A.3d 427, 436 (Pa. Super. 2014)*. In Pennsylvania, adherence to the ***Strickland*** test requires a PCRA petitioner to establish three prongs. ***Id.*** Specifically, the petitioner must demonstrate "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error[.]" ***Id.*** With regard to the third prong, "prejudice [is] measured by whether there is a reasonable probability that the result of the proceeding would be different." ***Id.*** Moreover, we presume counsel has

rendered effective assistance. ***Commonwealth v. Rivera***, 108 A.3d 779, 789 (Pa. Super. 2014). "[I]f a claim fails under any required element of the ***Strickland*** test, the court may dismiss the claim on that basis." ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014), *cert. denied*, --- U.S. ---, 2015 WL 2128333 (2015). "Additionally, counsel cannot be deemed ineffective for failure to raise a meritless claim." ***Rivera***, ***supra***. (citation omitted).

Appellant's specific claim is that appellate counsel was ineffective for failing to argue on appeal that the verdict was against the weight of the evidence. Appellant's Brief at 17. In support of this claim, Appellant argues "[t]he Commonwealth's evidence in this case was contradictory and inconsistent throughout trial." ***Id.*** He further contends, "the prosecution's case was built on mere speculation and pure conjecture. Conflicting evidence was given throughout the trial." ***Id.*** at 18.

It is well established that it is for the factfinder to determine the weight given to the evidence produced at trial. ***Commonwealth v. Ferguson***, 107 A.3d 206, 212 (Pa. Super. 2015) (citation omitted). Because it is the role of the factfinder to weigh the evidence, an appellant seeking to challenge the weight of the evidence carries a heavy burden.

> If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

*Id.* "A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses." *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015). "[O]nly where the facts and inferences disclose a *palpable abuse of discretion* will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (emphasis in original; citation omitted), *cert. denied*, 135 S. Ct. 1548 (2015).

Instantly, the PCRA court explained its determination that this claim did not establish a right to relief as follows.

> In the instant [case], the evidence presented at trial overwhelmingly supported the verdict, thus [Appellant's] claim is meritless. Moreover, because it is a meritless claim, [Appellant] was not prejudiced by Counsel's failure to raise it.
>
> …
>
> Officer Ditizio testified that he pulled over [Appellant] for running a stop sign. He discovered that [Appellant] was driving with a suspended license in a vehicle that didn't belong to him, and whose owner he could not name. Officer Ditizio issued citations based on the preceding infractions, which [Appellant] placed in a billfold. As [Appellant] walked away, Officer Ditizio witnessed him throw the billfold into a nearby trashcan. The billfold was later recovered from the trashcan containing the issued citations as well as [Appellant]'s identification and 185 pills of Ecstacy. In addition to Officer Ditizio's testimony, Detective John Ryan, a narcotics expert testified that such a quantity of pills was consistent with possession with intent to distribute, rather than

personal use. Also, the owner of the vehicle that [Appellant] was driving testified that [Appellant] did not have permission to drive the car.

In light of the evidence adduced at trial, the verdict did not "shock one's sense of justice." Consequently, appellate counsel cannot be deemed ineffective for failing to raise a meritless weight-of-the-evidence claim.

PCRA Court Opinion, 10/24/14, at 6-8.

Upon review, we agree with the PCRA court's conclusion that Appellant's weight of the evidence claim is meritless. The fact-finder was free to assess the evidence presented and absent a palpable abuse of discretion by the trial court we will not disturb this finding on appeal. *See*, *Morales*. Therefore, because the underlying weight of the evidence claim lacked arguable merit, the PCRA court was not required to hold an evidentiary hearing. *See Baumhammers*, *supra*; *Reid*, *supra*.

Based on the foregoing, we conclude the PCRA court correctly dismissed Appellant's PCRA petition without an evidentiary hearing. *See Pander*, *supra.* Accordingly, the PCRA court's September 2, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015