J-S62038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PRESBITERO PEREZ, | : | |
| | : | |
| Appellant | : | No. 363 MDA 2017 |

Appeal from the PCRA Order February 6, 2017
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0001021-2012

BEFORE:   STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 09, 2017**

David Presbitero Perez (Appellant) appeals from the February 6, 2017 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm in part, vacate in part, and remand for proceedings consistent with this memorandum.

On Appellant's direct appeal, this Court summarized the underlying facts of the case as follows.

> Late in the evening of May 13, 2012, three masked men broke into an apartment located behind Francisco's Pizza, at 375 10th Street, Lebanon.  The men took personal property from three victims who were inside the apartment, including money, a wallet, and two iPods.  The intruders told the victims to take off their pants, and threatened to kill them if they did or said anything.

> Jairo Madrigal, an employee of Francisco's Pizza, was standing outside of the back door of the pizzeria smoking a cigarette when two masked men exited the apartment, and

*Retired Senior Judge assigned to the Superior Court.

dragged him inside. Madrigal immediately recognized one of the masked men by voice as Appellant. Madrigal was familiar with Appellant's voice, having known him for several years. Appellant told the other intruders that he would have to kill Madrigal, since Madrigal knew him. When asked by the intruders, Madrigal admitted that Francisco Sandoval was next door inside the pizzeria he owned. Appellant grabbed Madrigal, put a gun in his mouth, and forced him into the pizzeria. The other two intruders initially remained inside of the apartment with the other three victims.

Sandoval was indeed inside his pizzeria, counting money from wire transfers processed through his adjoining business, Francisco's Minimart. Appellant entered with the gun still in Madrigal's mouth and told Sandoval to place all of the money and his wallet in a plastic bag. A co-conspirator aided Appellant in taking the money from Sandoval. Sandoval also recognized Appellant by voice. Like Madrigal, Sandoval had known Appellant for several years. Sandoval testified that Appellant lived across the street, was a customer of Francisco's Pizza—as recently as a week before the robbery— and frequently parked his car illegally in the pizzeria's parking lot.

According to the Commonwealth's witness, Anthony Ortiz, Appellant later approached him on the street and admitted to the robberies. At the time of his testimony, Ortiz was facing charges for robbery and assault in an unrelated case.

Following a jury trial, on March 5, 2013, Appellant was convicted of five counts of robbery, five counts of criminal conspiracy to commit robbery, and one count of terroristic threats. On April 17, 2013, the trial court sentenced Appellant to an aggregate of 11 to 25 years in prison.

***Commonwealth v. Perez***, 105 A.3d 31 (Pa. Super. 2014) (unpublished

memorandum at 1-3) (citation and footnotes omitted). This Court affirmed

Appellant's judgment of sentence on June 11, 2014, and Appellant did not

seek review from our Supreme Court. ***Id.***

- 2 -

Appellant *pro se* timely filed a PCRA petition on June 19, 2015. Counsel was appointed, amended and supplemental petitions were filed, and a hearing was held on October 24, 2016. The PCRA court denied Appellant's petition by order of February 6, 2017. Appellant timely filed a notice of appeal.

Appellant presents this Court with 20 issues for our consideration. Appellant's Brief at 4-10. Before we begin, we note our standard of review:

> We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*.
>
> To be entitled to PCRA relief, [a petitioner] must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Additionally, [the petitioner] must show his claims have not been previously litigated or waived, and the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S. § 9543(a)(3), (a)(4). An issue is previously litigated if the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2). An issue is waived if [the petitioner] could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding.

***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (internal citations and quotation marks omitted).

All but one of Appellant's issues raise a claim of ineffective assistance of trial counsel. Appellant's Brief at 4-10. Accordingly, the following legal principles apply to our review.

> Pursuant to guarantees found in the Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution, a defendant is entitled to the right to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. In Pennsylvania, courts apply a three-pronged test for analyzing whether trial counsel was ineffective…. The [] test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced— that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different. If a petitioner is unable to prove any of these prongs, his claim fails.

*Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015).

The argument section of Appellant's brief for each of his 19 claims of ineffective assistance of counsel follows the same pattern. The above three-prong test is cited; reference is made to Appellant's testimony at the PCRA hearing while the testimony of trial counsel is completely ignored; the claim that counsel had no reasonable basis for failing to do what Appellant testified that he wanted to be done is stated without any reference to counsel's testimony or the PCRA court's factual findings; and the following bald assertion of prejudice is repeated *verbatim*:

> Moreover, Appellant must prove that he was prejudiced by the attorney's decisions. Prejudice can be described as whether, but for the arguably ineffective act or omission, there is a

reasonable probability that the outcome would have been different. **Commonwealth v. Polston**, 616 A.2d 677 (Pa. Super. 1992). In the instant case, Appellant avers that the outcome of his case would have been different if it were not for Trial Counsel's clear ineffectiveness.

Appellant's Brief at 20, 26, 31-32, 34-35, 37, 41, 45, 47-48, 51, 53-54, 56-57, 59, 62, 64-65, 67, 69-70, 73, 76.

Thus, Appellant asks us to grant him relief by utterly ignoring all evidence offered at the PCRA hearing that was not favorable to Appellant's position, as well as the PCRA court's findings and rationale[1] – something this Court cannot and will not do. **See**, **e.g.**, **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) ("The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level."). Furthermore, our Supreme Court has made it clear that "boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." **Commonwealth**

---

[1] For example, regarding Appellant's claim that trial counsel should have called Brenda Perez as a witness at trial, the PCRA court found that Ms. Perez was not credible, that counsel did interview her prior to trial and determined that her alibi testimony did not place Appellant with her during the time of the incidents at issue, and that "the substance of her testimony was so easily impeachable that her testimony could not possibly have impacted the outcome of trial." PCRA Court Opinion, 2/6/2017, at 10-12. Appellant does not address these factual determinations, let alone offer argument as to why they are the result of an abuse of discretion. We discern similar deficiencies as to each and every one of Appellant's ineffective-assistance-of-counsel claims.

*v. Paddy*, 15 A.3d 431, 443 (Pa. 2011). Accordingly, Appellant has failed to meet his burden to convince this Court that the PCRA court erred in rejecting any of his 19 claims of trial counsel's ineffectiveness. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

Appellant's remaining claim is that his sentence is illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury). Appellant's Brief at 14-16. Appellant claims that his sentence includes a mandatory term under 42 Pa.C.S. § 9712 ("Sentences for offenses committed with firearms"), which this Court held to be unconstitutional under *Alleyne* in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014).

The PCRA court rejected Appellant's *Alleyne* claim on the basis that our Supreme Court has held that *Alleyne* does not apply retroactively to cases on collateral review. PCRA Court Opinion, 2/6/2017, at 9 (citing *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016) (holding mandatory minimum sentences imposed in 1998 were not subject to collateral attack based upon *Alleyne*)).

The PCRA court misconstrued to *Alleyne*'s "retroactive" application in the PCRA context. As the Commonwealth correctly concedes, if Appellant

- 6 -

has received a mandatory minimum sentence rendered invalid under **Alleyne**, **Alleyne**'s holding would apply to Appellant because it was decided before Appellant's direct review concluded. Commonwealth's Brief at 28 (citing **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) ("[Newman's] case was still pending on direct appeal when **Alleyne** was handed down, and the decision may be applied to [Newman's] case retroactively.").

The legal issue before us is simple: if the trial court when sentencing Appellant applied a statute, such as 42 Pa.C.S. § 9712, that provided for application of a mandatory minimum sentence upon fact-finding that was not an element of the crime,[2] Appellant's sentence must be vacated and resentencing without consideration of any such statute must take place. **See**, **e.g.**, **Commonwealth v. Ferguson**, 107 A.3d 206, 216 (Pa. Super. 2015). If no mandatory minimum statute was considered, no relief is due.

However, the factual question of whether Appellant did receive a mandatory minimum sentence cannot be resolved upon the record before us. The record shows that the Commonwealth filed notice of its intent to seek "any and all applicable mandatory sentences." Sentencing Hearing

---

[2] The fact that the jury was asked to determine whether Appellant or an accomplice used a firearm does not solve an **Alleyne** problem if a mandatory minimum was applied in Appellant's sentencing. **See Valentine**, 101 A.3d at 812 (holding that the offending sections of 42 Pa.C.S. § 9712 were not severable, and "the trial court lacked the authority to allow the jury to determine the factual predicates" of the statute).

Notice, 3/5/2013. Yet, no mandatory minimum statute is cited at the sentencing hearing or in the written sentencing order. The sentencing court did mention a "sentence that must be applied," but did so in the context of "enhancements" related to Appellant's use of a gun.[3] N.T., 4/17/2013, at 8. On the "mandatory sentence" section of the court commitment form, the "no" box is checked. Court Commitment, 5/20/2013, at 1. But the presentence investigation report, in providing standard, aggravated, and mitigated "ranges" for Appellant's convictions, lists a single number (60 months) for many counts, and ranges (*e.g.*, 60-72 months, or 3-14 months)

---

[3] The Commonwealth indicates that, rather than a mandatory minimum statute, it was the deadly weapon enhancement sentencing guidelines that were applied in Appellant's case. Commonwealth's Brief at 28. If the Commonwealth is correct, **Alleyne** would not entitle Appellant to relief. **See Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015), *reversed on other grounds*, 149 A.3d 129 (Pa. 2015) ("By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences. … Thus, **Alleyne** has no application to the enhancements."); **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*) (same). It is the non-binding nature of sentencing guidelines that leaves us unpersuaded by the Commonwealth's argument that, even if Appellant has received a mandatory minimum, the sentence was fair because the mandatory minimum fell within the standard range sentence suggested by the guidelines. Commonwealth's Brief at 28-29.

for others.  Presentence Investigation Report, 3/31/2015,[4] at 7.  From the information we have, this does not appear to correspond to the sentencing guidelines for the applicable crimes under the basic, deadly weapon possessed, or deadly weapon used sentencing matrix.

Because we cannot determine whether Appellant received an illegal sentence, we vacate that portion of the PCRA court's order that denied Appellant relief on his *Alleyne* claim, and remand for the PCRA court to make the factual determination of whether any mandatory minimum sentence was applied at Appellant's April 17, 2013 sentencing.

Order affirmed in part and vacated in part.  Case remanded for further proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017

---

[4] The report is dated April 1, 2013, but was not filed or docketed until March 31, 2015, after it was requested by Appellant.