J-S73004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD PAUL PATRICK :
:
Appellant : No. 1149 MDA 2019

Appeal from the Judgment of Sentence Entered March 13, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000915-2017

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 23, 2020**

Appellant, Richard Paul Patrick, appeals from the judgment of sentence

entered on March 13, 2019, in the Franklin County Court of Common Pleas.

We affirm.

In its opinion prepared pursuant to Pa.R.A.P. 1925(a), the trial court set

forth the relevant facts and procedural history of this case as follows:

> [Appellant] was charged with two counts each of rape of [a] child, indecent assault [where the complainant is less than 13 years of age], and endangering the welfare of children ("EWOC") based on allegations made by R.S. and C.S., the twin daughters[1] of [Appellant's] former girlfriend.[1]
>
> [1] 18 Pa.C.S. § 3121(c); 18 Pa.C.S. § 3126(a)(7); and 18 Pa.C.S. § 4304(a)(1), respectively.

---

[1] The victims, R.S. and C.S., were less than thirteen years old when the assaults occurred; however, they were sixteen years old at the time they testified at trial. Pa.R.A.P. 1925(a) Opinion, 8/14/19, at 7.

On December 16, 2016, the Commonwealth filed a Motion for Closed-Circuit Testimony. Following an *in camera* examination of both victims on February 3, 2017, this [c]ourt granted the Commonwealth's Motion by Opinion and Order entered February 21, 2017.

A two-day jury trial commenced on January 23, 2019. C.S. and R.S., the child victims, both testified. At the beginning of the second day of trial, [Appellant] moved for a mistrial on grounds that C.S. was purportedly incompetent to testify, thereby depriving [Appellant] of a fair trial. This [c]ourt denied the request for a mistrial, and [Appellant] was subsequently found guilty of one count each of rape of [a] child and indecent assault [as to R.S.], as well as both counts of EWOC; he was found not guilty of [rape of a child and indecent assault as to C.S.].

On March 13, 2019, this [c]ourt sentenced [Appellant] to 240 to 480 months' incarceration for the rape of a child conviction and a consecutive 14 to 84 months' incarceration for the indecent assault conviction. For the two counts of EWOC, the [c]ourt imposed concurrent sentences of 14 to 84 months' incarceration for each count, to be served at the expiration of the sentence for indecent assault.

On March 25, 2019, [Appellant] filed a Post-Sentence Motion [For a New Trial], asserting error in this [c]ourt's decision to deny a mistrial and challenging his convictions on weight of the evidence grounds. By Opinion and Order … entered June 17, 2019, this [c]ourt denied [Appellant's] Motion in its entirety.

On July 11, 2019, [Appellant] filed the instant appeal. By Order entered July 12, 2019, this [c]ourt directed [Appellant] to file a Concise Statement of Matter[s] Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)]; [Appellant] timely complied on August 2, 2019.

Pa.R.A.P. 1925(a) Opinion, 8/14/19, at 1-2.

On appeal, Appellant presents the following issues for this Court's consideration:

1. Did the [t]rial [c]ourt abuse its discretion by failing to declare a mistrial based upon the incompetence of C.S. when C.S. testified

that she only knew the truth a "little" and was not sure whether her testimony was the truth?

2. Did the [t]rial [c]ourt abuse its discretion by denying that the jury verdicts of Guilty to Count 1 Rape of a Child, Count 3 Indecent [assault where the complainant is less than 13 years of age], Count 5 Endangering the Welfare of a Child, and Count 6 Endangering the Welfare of a Child [were] against the weight of the evidence?

Appellant's Brief at 10.[2]

In support of his first issue, Appellant asserts that C.S. has an intellectual disability, the trial court abused its discretion in permitting C.S. to testify, and the court further abused its discretion in failing to grant a mistrial after C.S. testified. Appellant's Brief at 22. After review, we conclude that no relief is due.

"It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion." *Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011) (citations omitted). "A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Id.* (internal citations and quotation marks omitted). A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice. *Id.* (internal citations and quotation marks

---

[2] For purposes of our discussion, we have renumbered Appellant's issues.

omitted). Additionally, "when an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion **shall** be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." ***Commonwealth v. Radecki***, 180 A.3d 441, 457 (Pa. Super. 2018) (emphasis in original) (quoting Pa.R.Crim.P. 605(B)).

The "incident" at issue here was the trial court's ruling that C.S. was competent and permitted her to testify. Appellant's Brief at 28-29. Our Rules of Evidence provide:

> **(a) General Rule.** Every person is competent to be a witness except as otherwise provided by statute or in these rules.
>
> **(b) Disqualification for Specific Defects.** A person is incompetent to testify if the court finds that because of a mental condition or immaturity the person:
>
> > (1) is, or was, at any relevant time, incapable of perceiving accurately;
> >
> > (2) is unable to express himself or herself so as to be understood either directly or through an interpreter;
> >
> > (3) has an impaired memory; or
> >
> > (4) does not sufficiently understand the duty to tell the truth.

Pa.R.E. 601. "[T]he testimony of any person, regardless of his mental condition, is competent evidence, unless it contributes nothing at all because the witness is wholly untrustworthy." ***Commonwealth v. Anderson***, 552

- 4 -

A.2d 1064, 1067 (Pa. Super. 1988) (citation omitted).[3]  Therefore, "witnesses are presumed competent to testify, and it is incumbent upon the party challenging the testimony to establish incompetence."  *Id.* (citation omitted). Our standard of review of a trial court's ruling regarding the competency of a witness is for an abuse of discretion.  ***Commonwealth v. Delbridge***, 855 A.2d 27, 34 n.8 (Pa. 2003) (citation omitted).

The trial court addressed this issue as follows:

> Preliminarily, we note that [Appellant's counsel] did not immediately object to C.S.'s testimony and request a mistrial. Rather, counsel lodged an objection at the beginning of the second day of trial.  See Transcript of Proceedings of Jury Trial, January 24, 2019 ("T.P., 1/24/19") at 3.  After observing that the objection should have been raised following C.S.'s testimony, we nonetheless accepted counsel's explanation that he was hesitant to object without legal basis for his argument.  As a result, we took the objection under consideration and made the following determination on the record:
>
> > Let me review some of the information that I have.  First of all, going back in the case, the [c]ourt had the opportunity to observe the child on more than on[e] occasion.  We observed her yesterday as she testified.  We also observed her on February 3, 2017, where she testified in an in-camera hearing in order for the [c]ourt to determine if there was merit to the Commonwealth's motion for [the victims to testify *via*] closed circuit [television].
> >
> > We memorialized our findings in an Opinion and Order filed February 21, 2017.  In reviewing that Opinion, I note

---

[3] Although the competency of a witness is presumed, we note that where the witness is under fourteen years of age, the trial court must conduct a searching inquiry as to mental capacity.  ***Commonwealth v. R.P.S.***, 737 A.2d 747, 749 (Pa. Super. 1999).  In the instant case, C.S. was sixteen years of age at the time of trial.  Pa.R.A.P. 1925(a) Opinion, 8/14/19, at 7.

that I specifically found that while it was abundantly clear that neither C.S. … nor R.S. … function intellectually on the same level as, quote, typical 15-year-old girls, the [c]ourt was satisfied that the child victims understood the oath that they ultimately took to … testify truthfully.  And that was after a competency evaluation on the record at the time.

We also recall that yesterday [C.S.] did take an oath after telling the [c]ourt that she understood it.  So based on the totality of the [c]ourt's observations of [C.S.], the [c]ourt is le[d] to find that [C.S.] is competent to testify and it will be for the jury to evaluate her credibility as to the testimony she provided.

Id. at 18-19.

Upon further review, we decline to overturn our previous determination.

* * *

[Appellant] argues that C.S. was incompetent to testify based on her inability to distinguish between truth and a lie and that her testimony therefore "tainted the entirety of the proceedings." [Appellant's] Brief in Support of Post-Sentence Motion[,] at 8 (unnumbered).  [Appellant] specifically points to the following exchange between the Commonwealth and C.S. [after] C.S.'s testimony as evidence that C.S. did not understand the duty to be truthful:

Q:  C.S., when you were describing what happened in your Mom and [Appellant's] room in your new house, was that the truth?

A.  Yes.

Q.  And we talked about your testimony, didn't we?

A.  Yes.

Q.  And I told you to tell the truth today.  Do you remember that?

A.  Yes.

- 6 -

Q. And did you do that?

A. I don't know.

Q. You know what the truth is, right? Do you know the … difference between the truth and a lie?

A. A little.

Q. A little. Were you telling the truth today?

A. I don't know.

T.P., 1/23/19, at 65.

Nevertheless, we continue to disagree that C.S.'s inconsistent answers regarding the truth rendered her incompetent to testify. As we note in our ruling at trial, C.S. initially affirmed that she understood what it means to take an oath to tell the truth. See id. at 43. At previous proceedings, including the preliminary hearing and the hearing on the Commonwealth's Motion for Closed-Circuit Testimony, C.S. demonstrated an ability to testify competently. No competency hearing was requested by either party prior to trial.

Further, throughout her trial testimony, we found C.S. to be shy, quiet, and withdrawn. C.S.'s demeanor combined with her intellectual disabilities continue to prompt our conclusion that C.S.'s inconsistent answers were the product of a lack of confidence in her understanding of largely abstract questions involving the nature of the truth. Because we continue to find that C.S. was competent to testify, we cannot find that any [error] occurred.

Alternatively, even if C.S. was incompetent to testify, we conclude that her testimony was not so prejudicial as to compromise the jury's ability to remain impartial. [Appellant] submits the following argument in support of his contention of prejudice:

Although the jury did not convict [Appellant] of the Rape and Indecent Assault counts [with respect to C.S. as the victim], hearing her testimony was prejudicial to

> [Appellant's] defense as to R.S. C.S. told a similar story to the jury as R.S. did. Her testimony tainted [Appellant's] ability to defend against the allegations of R.S. as it bolstered the allegations of R.S. even if those allegations were individually not credible as to her.

[Appellant's Brief in Support of Post-Sentence Motion], at 12 (unnumbered).

> We fail to see how C.S.'s purported inability to tell the truth has any bearing on R.S.'s ability to tell the truth. We likewise fail to see—and [Appellant] does not explain—how C.S.'s testimony both bolstered R.S.'s story and led to not guilty verdicts for C.S.'s allegations of rape and indecent assault. Given the jury's ultimate verdicts, we find that the jury was able to parse the evidence relating to C.S. from the evidence relating to R.S.; accordingly, [Appellant] did not sustain prejudice entitling him to a mistrial.

Trial Court Opinion, 6/17/19, at 3-7 (footnotes omitted).

We agree with the trial court. C.S. testified without objection or questions concerning her competency at the pre-sentence hearing. N.T., 2/3/17, at 14. At trial, C.S. informed the trial court that she understood her oath and the need to tell the truth. N.T., 1/23/19, at 43. There was no inquiry or objection as to competency. It was not until the second day of trial that Appellant's counsel mentioned competency. N.T., 1/24/19, at 3. As the trial court posited, it is reasonable to conclude that the basis for inconsistency in C.S.'s answers was a "lack of confidence in her understanding of largely abstract questions involving the nature of the truth." Trial Court Opinion, 6/17/19, at 6.

We find no abuse of discretion in the trial court ruling that C.S. was competent to testify, and it was for the jury to decide if C.S.'s testimony was

credible. ***See Delbridge***, 855 A.2d at 40 ("A competency hearing is not concerned with credibility. Credibility involves an assessment of whether ... what the witness says is true; this is a question for the fact finder."). Moreover, Appellant failed immediately to move for a mistrial; accordingly, the trial court was permitted to grant a mistrial only for "manifest necessity." ***Radecki***, 180 A.3d at 457; Pa.R.Crim.P. 605(B). Following our review of the record, we find no manifest necessity, and we conclude the trial court committed no abuse of discretion in denying Appellant's tardy motion for a mistrial. Accordingly, no relief is due.

In his second issue, Appellant avers that the trial court erred in denying his post-sentence motion for a new trial. Appellant asserts that the guilty verdicts on the charges of rape of a child, indecent assault where the complainant is less than thirteen years of age, and the two counts of EWOC were against the weight of the evidence. Appellant's Brief at 17.

First, we must determine if Appellant's challenge to the weight of the evidence was properly preserved. A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." ***Commonwealth v. Akrie***, 159 A.3d 982, 989 (Pa. Super. 2017). Appellant properly preserved his weight of the evidence claim by raising the issue in a timely post-sentence motion on March 25, 2019.

We review challenges to the weight of the evidence bearing in mind the following principles: "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). Moreover:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted). A trial court's determination that a verdict was not against the interest of justice is "[o]ne of the least assailable reasons" for denying a new trial. *Commonwealth v. Colon-Plaza*, 136 A.3d 521, 529 (Pa. Super. 2016) (quoting *Commonwealth v. Clay,* 64 A.3d 1049, 1055 (Pa. 2013)). A verdict is against the weight of the evidence where "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (quoting *Widmer,* 744 A.2d at 751-752)). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight

of the evidence. . . . Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

The basis for Appellant's challenge to the weight of the evidence is his assertion that the victims in this matter, C.S. and R.S., were not credible witnesses, and their testimony was contradictory and unbelievable. Appellant's Brief at 17-22. Appellant asserts that C.S. and R.S. had accused other individuals of sexual abuse, confused nightmares with reality, and invented scenarios they later admitted never happened. *Id.* at 18-21.

The trial court addressed Appellant's challenge to the weight of the evidence as follows:

> We do not find the existence of internal inconsistencies or contradictions in a witness's testimony to constitute the type of facts that are clearly of greater weight. Rather, [Appellant's] argument appears exclusively concerned with the jury's credibility determinations. Credibility considerations are within the jury's purview as the finder of fact; we decline to usurp that function here.
>
> To the extent [Appellant] indicates that C.S.'s and R.S.'s memories about [Appellant's] conduct could have materialized in dreams, we do not find the evidence to support this possibility as significant or overwhelming as [Appellant] attempts to suggest.
>
> With respect to [Appellant's] proposition that C.S.'s testimony was entirely based on C.S.'s purported inability to understand the duty to tell the truth, we note that the jury was entitled to believe "all, part or none of the evidence" and determine the credibility and weight to be accorded to C.S.'s averments. In light of the not guilty verdicts for the charges of rape and indecent assault of C.S., we conclude that the jury

- 11 -

considered the entirety of C.S.'s testimony and separated the statements it found credible from the parts it found incredible. We decline to overturn those determinations here.

In sum, the jury's verdicts do not shock our sense of justice, and we therefore discern no merit to [Appellant's] weight of the evidence argument.

Trial Court Opinion, 6/17/19, at 12-13 (internal citation omitted).

As set forth in our disposition of Appellant's first issue, the trial court committed no abuse of discretion in ruling that C.S. was competent to testify; thus, it was for the jury to decide credibility. **Delbridge**, 855 A.2d at 40. Our review is not a reassessment of the weight of the evidence; it is for an abuse of discretion. **Cash**, 137 A.3d at 1270; **Ferguson**, 107 A.3d at 213.

We acknowledge that some testimony provided by C.S. and R.S. was inaccurate and conflicting. For example, C.S. testified that she was five months older than her twin sister, R.S. N.T., 1/23/19, at 45. Prior to trial, C.S. said that Appellant bound her hands with rope during an assault, but at trial, C.S. testified that she was not held down in any way. **Id.** at 59-60. C.S. could not recall saying that she had to climb out of a window onto the roof to escape or that a dog had been involved and bitten her during a sexual assault. **Id.** at 62-64; Information, 5/31/17.

However, it is well settled that the jury was to assess the credibility of witnesses, and a trial judge will not grant a new trial merely because of a conflict in the testimony or because he may have reached a different conclusion if he had been the trier of fact. **Commonwealth v. Vandivner**,

962 A.2d 1170, 1178 (Pa. 2009). In its jury instructions, the trial court correctly explained that it was for the jury to determine credibility. N.T., 1/24/19, at 48. The trial court then informed the jurors that it was their responsibility to resolve any conflicts in the evidence, what factors to consider when determining credibility, and that they are free to believe some, all, or none of a witness's testimony. *Id.* at 48-51. As noted, the jury found Appellant not guilty of rape of a child and indecent assault relative to C.S. Verdict Slip, 1/24/19, at 1-2. We agree with the trial court that the verdict illustrates that the jury capably weighed the testimony and chose not to credit portions of C.S.'s testimony. Trial Court Opinion, 6/17/19, at 13.

After review, we conclude that the jury followed the trial court's instructions and weighed the testimony accordingly. We reiterate that our review is not a reassessment of the weight of the evidence; it is for an abuse of discretion. *Cash*, 137 A.3d at 1270; *Ferguson*, 107 A.3d at 213. For the reasons set forth above, we discern no abuse of discretion in the trial court denying Appellant a new trial based on the weight of the evidence.

Judgment of sentence affirmed.

Judge Musmanno joins this Memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/23/2020</u>