J-S32041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SCOTT JOHNSON | : | |
| | : | |
| Appellant | : | No. 607 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 15, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000116-2020

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: December 8, 2021**

Brian Scott Johnson ("Johnson") appeals from the judgment of sentence imposed following his conviction of criminal mischief.[1] Previously, this Court affirmed Johnson's judgment of sentence, in part. ***See Commonwealth v. Johnson***, 2021 WL 5410653 (Pa. Super. filed November 19, 2021) (unpublished memorandum). The matter was remanded to the trial court with an instruction to address Johnson's challenge to the verdict as against the weight of the evidence. The trial court has complied with this Court's directive. Upon review, we affirm.

In our prior Memorandum, we detailed the factual and procedural history underlying this case as follows:

> In January 2020, Johnson was an inmate at the McKean County Jail. Johnson did not share his cell with another inmate,

_____

[1] 18 Pa.C.S.A. § 3304(a)(5).

and his cell was equipped with a sprinkler head. On January 18, 2020, surveillance video in the common areas of the jail showed Johnson throwing a bin or tote out of his cell. Shortly after, water began running out of Johnson's cell. Jail officials subsequently replaced the sprinkler unit inside Johnson's cell. The next day, January 19, 2020, surveillance video showed Johnson walk inside of his cell, and then walk out of the cell shaking his hands. Shortly thereafter, water again began running from inside of Johnson's cell.

Johnson was charged with, *inter alia*, the above-referenced offense. At Johnson's non-jury trial, the warden of the McKean County Jail testified that Johnson was the only individual inside of his cell on the dates that the sprinkler turned on. N.T., 3/15/21, at 6-10. Pennsylvania State Trooper Steve Ross ("Trooper Ross") testified that Johnson had admitted to damaging the sprinkler on January 18, but not on January 19. *Id.* at 12-19. A McKean County Jail maintenance supervisor testified that he had replaced the sprinkler on both occasions, and that accidental sprinkler activations were not a common problem. *Id.* at 25-31. Finally, Johnson testified that he did not damage the sprinkler on January 18, and that he threw his tote out of his cell after the sprinkler had activated, so that his belongings did not get wet. *Id.* at 45. Johnson also testified that he did throw his tote on January 19, but that he threw it in the opposite direction of the sprinkler and that the thrown tote was not the cause of the sprinkler's activation. *Id.* at 48-49, 51. The trial court also reviewed video evidence from both dates. At the conclusion of trial, the court convicted Johnson of summary criminal mischief. On April 15, 2021, the trial court sentenced Johnson to four to eight days in prison, with credit for time served, plus eighty-two days of probation. Johnson filed a timely post-sentence Motion, which the trial court denied.

Johnson filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

*Johnson*, 2021 WL 5410653 at *1.

Johnson challenges the verdict as against the weight of the evidence.

Brief for Appellant at 11-12. Johnson asserts that even if the evidence was

sufficient to convict him of criminal mischief, "the verdict went against a finding of guilty," as the trial court failed to give appropriate weight to his testimony. *Id.* at 12.

This Court has held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight of the evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations and quotation marks omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence…. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." ***Commonwealth v. Akrie***, 159 A.3d 982, 989 (Pa. Super. 2017). Here, Johnson preserved his challenge by raising the issue in his post-sentence Motion and his Concise Statement.

The trial court addressed Johnson's weight of the evidence claim as follows:

> In this case there was evidence presented that [Johnson] was the only individual in his jail cell on both January 18 and 19 when the sprinkler in the cell was activated. There is also video evidence from both dates that [Johnson] walked into his cell, walked back out of his cell, and then water immediately started flowing out from the cell. The likelihood that[,] on two separate occasions[,] [Johnson] walked into his cell and the sprinkler malfunctioned on its own is very low. The video footage itself is very strong circumstantial evidence that [Johnson] did in fact activate the sprinklers, and the additional testimony further strengthens the evidence against [Johnson]. There was evidence presented through the testimony of Trooper Ross that [Johnson] admitted to throwing his tote and activating the sprinkler on at least one occasion, which th[e trial c]ourt found credible. The McKean County Jail Maintenance Supervisor testified that accidental sprinkler activations were not a common problem. [Johnson] also admitted that it was possible he might have accidentally hit the sprinkler head on one occasion. Again, [the trial court] find[s] the acknowledgement by [Johnson] that his actions caused the discharge of water to be accurate, but, [the court] find[s] the assertion that it was an accident involving a thrown tote to be incredible. The finding of guilty does not "shock one's sense of justice" simply because the court rejected Johnson's assertion that he did not break the sprinkler head and/or it was an accident.

Trial Court Opinion, 11/22/21, at 5-6.

We discern no abuse of discretion in the trial court's analysis of Johnson's weight of the evidence claim, and affirm on the basis of its well-reasoned Opinion. Accordingly, we cannot grant Johnson relief on his sole claim following remand. *See Cash*, *supra*; *Ferguson*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2021