J-S18013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN M. NEFF | : | |
| | : | |
| Appellant | : | No. 1286 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 4, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001570-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN M. NEFF | : | |
| | : | |
| Appellant | : | No. 1287 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 4, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001571-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN M. NEFF | : | |
| | : | |
| Appellant | : | No. 1288 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 4, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001572-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S18013-22

|  | : |  |
| :--- | :--- | :--- |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUSTIN M. NEFF | : | |
| | : | |
| Appellant | : | No. 1289 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 4, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001573-2020

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: AUGUST 1, 2022**

Appellant, Justin M. Neff, appeals from the judgment of sentence of an aggregate term of 96 to 192 months' incarceration, imposed after he was convicted, in four separate cases, of delivering a controlled substance, possession with intent to deliver a controlled substance, possession of a controlled substance, and criminal use of a communication facility. On appeal, Appellant challenges the trial court's decision to grant the Commonwealth's motion to consolidate his four cases for trial, as well as the sufficiency of the evidence to sustain his convictions. We affirm.

The trial court briefly summarized the facts of Appellant's underlying cases, as follows:

> [Appellant] was prosecuted in four separate cases with delivery of Fentanyl, possession with intent to deliver Fentanyl, possession of Fentanyl, and criminal use of a cell phone to arrange the sales. The sales occurred on May 13, May 20, May 21, and May 22, 2020. Each sale was arranged by George Bonser acting as an informant at the direction and under the supervision of members of the Tamaqua Police Department. On each occasion, Bonser contacted [Appellant] by cell phone and asked to purchase a bundle of heroin; the meeting place was arranged; Bonser was searched and given buy money; Bonser was driven by the police to a spot

- 2 -

near the meeting place; he and [Appellant] approached each other on foot; Bonser passed money to [Appellant], who handed Bonser a bundle of suspected heroin; [Appellant] and Bonser walked away from each other; Bonser returned to the officers; and in a search of Bonser's person, he was found to be in possession of drugs[,] but no longer in possession of the cash the police had given him.  Each transaction was videotaped.

Trial Court Opinion (TCO), 11/10/21, at 1-2.

Prior to trial, the Commonwealth moved to consolidate Appellant's four cases.  The trial court ultimately granted that motion.  Following Appellant's jury trial, he was convicted of all counts charged in each of his four cases.  On October 4, 2021, the court sentenced Appellant in each case to a term of 24 to 48 months' incarceration.  The court directed that his sentences run consecutively, totaling an aggregate term of 96 to 192 months' imprisonment. Appellant filed a timely notice of appeal in each case, which this Court subsequently consolidated.  He also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court filed its Rule 1925(a) opinion on November 10, 2021.

Herein, Appellant states two issues for our review:

A. Whether the [trial] court committed reversible legal error in granting [the] Commonwealth['s] Motion to Consolidate [the] four (4) separate criminal actions[,] whereby the jury [heard] testimony of four (4) separate and distinct drug transaction[s] occurring on four (4) separate dates.

B. Whether the jury verdict was insufficient in that the Commonwealth['s] evidence and testimony relied upon a confidential informant that received cash payment[s] for information and testimony during a ten (10) to eleven (11) year period.

Appellant's Brief at 3.

Appellant first argues that the court erred by consolidating his four separate cases for trial. "The determination of whether separate indictments should be consolidated for trial is within the sole discretion of the trial court[,] and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Boyle*, 733 A.2d 633, 635 (Pa. Super. 1999).

According to the Rules of Criminal Procedure, "[o]ffenses charged in separate indictments or informations may be tried together if … the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]" Pa.R.Crim.P. 582(A)(1)(a). Additionally, "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583.

> Under Rule 583, the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. *Commonwealth v. Lauro*, 819 A.2d 100, 107 (Pa. Super. 2003).

> [T]he "prejudice" of which Rule [583] speaks is not simply prejudice in the sense that [the] appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of *all* Commonwealth evidence. The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Id.* (emphasis in original) (quoting ***Commonwealth v. Collins***, … 703 A.2d 418, 423 ([Pa.] 1997)).  Moreover, "the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." *Id.* (quoting ***Collins****,* 703 A.2d at 423).

Reading these rules together, our Supreme Court established the following test for severance matters:

> Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: [(1)] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [(2)] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [(3)] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Collins*, 703 A.2d at 422 (quoting ***Commonwealth v. Lark***, … 543 A.2d 491, 496–97 ([Pa.] 1988)).

***Commonwealth v. Ferguson***, 107 A.3d 206, 210–11 (Pa. Super. 2015).

Thus, we must first determine if the trial court erred by determining that the evidence of each of Appellant's drug transactions would be admissible in a separate trial for the others.

> Evidence of crimes other than the one in question is not admissible solely to show the defendant's bad character or propensity to commit the crime.
>
> > However, evidence of other crimes is admissible to demonstrate (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) the identity of the person charged with the commission of the crime on trial.

- 5 -

Additionally, evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts.

*Lauro*, 819 A.2d at 107 (internal citations and quotation marks omitted).

Here, in granting the Commonwealth's pretrial motion to consolidate Appellant's cases, the court found that the evidence of each of Appellant's drug transactions would be admissible at separate trials for the others under the 'common plan/scheme' exception to the rule precluding prior-bad-acts evidence. The court explained:

Under the circumstances presented, the crimes with which [Appellant] is charged allegedly consisted of a common scheme pursuant to which he dealt in [F]entanyl on the same street corner in Tamaqua after receiving phone calls to meet and deliver the drug to the same [confidential informant] in quantities for which he charged $40.00. Each deal was part of a common scheme and evidence of each would be admissible in a trial of another.

Trial Court Opinion, 5/17/21, at 4.

In response, Appellant argues that "[t]he Commonwealth presented no testimony as to a continuing criminal enterprise whereby, at the time of [the] alleged transactions[,] … an agreement was made to meet at a predetermined time and date. Instead, the Commonwealth['s] testimony indicated that the four (4) separate transactions were initiated by four (4) separate phone contacts." Appellant's Brief at 9. Notably, Appellant cites no legal authority to support his suggestion that, for the drug sales to considered part of a common plan/scheme, the Commonwealth was required to show that he and the CI planned, during each drug transaction, the 'time and date' of the next drug sale. As such, he has not convinced us that the court abused its

discretion by concluding that the drug transactions were part of a common plan/scheme. Namely, all the sales occurred within an eight-day time-frame, the same informant called Appellant, they met at the same location, and Appellant supplied the same quantity of drugs for the same price during each sale. This evidence was sufficient to prove that the drug sales were "so related to each other that proof of one tends to prove the others[.]" *Lauro*, 819 A.2d at 107. Thus, the court did not abuse its discretion in concluding that the evidence of each individual drug sale would be admissible at a separate trial for the others under the common plan/scheme exception to the rule precluding prior-bad-acts evidence.

The court also found that the jury would be able to easily separate, and deliberate on, the facts of each drug sale without confusion. *See* Trial Court Opinion, 5/17/21, at 4. In response, Appellant baldly claims that "[t]he Commonwealth relied on similar facts that could not allow [the] jury to make individual deliberation of each separate criminal action." Appellant's Brief at 9. However, the trial court convincingly opined:

> [T]he factual scenarios that the Commonwealth desire[d] to present at trial involve[d], at most, three fact witnesses, being the two police officers and potentially the [confidential informant]. All transactions encompassed very short periods of time to complete and were recorded by video. A jury should have no problem separating the rather uncomplicated fact patterns of the cases.

Trial Court Opinion, 5/17/21, at 4. We agree with the court, and discern no abuse of discretion in its decision.

Finally, the court found that Appellant would not "be unduly prejudiced by the consolidation such that a jury would be incapable of separating the evidence or [that it would] convict [Appellant] not based upon the evidence relevant to a particular incident[,] but based upon a propensity to commit crimes." *Id.* While Appellant counters that he was "severely prejudiced" by the jury's hearing the details of all four drug transactions, he offers little elaboration to support his position. Appellant's Brief at 10. We are unconvinced. The jury heard testimony by Bonser (the informant who bought drugs from Appellant) and the officers who observed the sales. That testimony was corroborated by videos of each of the four drug transactions. In light of this record, Appellant has not demonstrated that his convictions were improperly premised on the jury's finding that he had a propensity to commit crimes because of the consolidation of his cases. Instead, the jury's verdict was undoubtedly premised on the overwhelming evidence of Appellant's guilt of each individual drug sale.

In sum, the evidence of each of Appellant's drug sales would be admissible in a separate trial for the others under the common plan/scheme exception. Additionally, the evidence of each sale was capable of separation by the jury so that there was no danger of confusion. Finally, Appellant has not demonstrated that he was prejudiced by the consolidation of his four cases. Accordingly, we discern no abuse of discretion in the court's decision to grant the Commonwealth's motion to consolidate Appellant's cases.

Next, Appellant claims that the evidence was insufficient to sustain his

convictions. To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno***, ***supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant does not identify what particular conviction(s) he is challenging. Instead, he essentially argues that none of his convictions were supported by adequate evidence because they were all premised on the incredible testimony of George Bonser. According to Appellant, because Bonser received cash payments in return for his cooperation, and he had been working as a paid informant for over a decade, his testimony was wholly unbelievable and insufficient to sustain Appellant's convictions.

Attacks on credibility determinations are challenges to the weight, not sufficiency of the evidence. ***See Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa. Super. 1997). Therefore, Appellant's argument that Bonser's testimony was not credible is not a proper sufficiency challenge. Moreover, he waived any challenge to the weight of Bonser's testimony by not raising that claim before the trial court. ***See*** Pa.R.Crim.P. 607(A) (stating that a claim

- 9 -

that the verdict was against the weight of evidence must be raised before the trial court orally or in a written motion prior to sentencing, or in a post-sentence motion).

Notwithstanding Appellant's misconstruing his claim, and/or waiving it for our review, we would deem it meritless. As the trial court observes,

> [t]hrough a combination of direct testimony and videotape evidence[,] the Commonwealth showed that [Appellant] used a cell phone to arrange four sales of drugs. The jury was told that Bonser, who purchased the drugs from [Appellant,] was paid by the police for his services as an informant. [Appellant's] counsel argued that Bonser was being paid by the police to be an informant and, therefore, should not be believed. Counsel also argued that the jury should not believe the Commonwealth's evidence because there was no video of Bonser handing over the drugs he purchased to the police. These arguments simply were not accepted by the jury.
>
> Being paid to be an informant is a factor the jury may consider when evaluating the informant's testimony. It does not disqualify the informant's testimony as evidence. Similarly, a jury could question why police officers who are videotaping a sale of drugs to an informant did not tape the informant['s] handing the drugs to the officers after the sale; however, the officers' testimony to that[] fact[,] without recording the event, does not create the absence of evidence to establish that the informant returned to the officers with drugs but no money. This point was also argued by defense counsel to the jury without success.

TCO at 2-3. Again, we agree with the court. Thus, we would conclude, for the reasons set forth by the court, that Appellant's second issue warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/01/2022